# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD BLAKE JR., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>PAMELA BLAKE, <br><br>　　　　Defendant. | **13-cv-1045 AWI GSA** <br><br> **FINDINGS AND RECOMMENDATIONS** <br><br> **REGARDING PLAINTIFF'S FAILURE** <br><br> **TO FOLLOW A COURT ORDER** <br><br> **(Doc. 2)** |

On July 3, 2014, Plaintiff, Harold Blake, proceeding pro se, filed a civil complaint in this case alleging state law causes of action. On July 16, 2013, this Court issued an order indicating that it was unclear whether jurisdiction was proper in this Court. Additionally, Plaintiff was ordered to fill out an in forma pauperis ("IFP") application, or pay the $400.00 filing fee, within forty-five (45) days. To date, Plaintiff has not filed an IFP application, nor paid the filing fee as ordered.

## DISCUSSION

Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

1

and all sanctions . . . within the inherent power of the Court. District courts have the inherent power to control their dockets and in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since July 3, 2013, and Plaintiff has not paid the filing fee or filed an IFP application. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy

favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his or her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order was clear that dismissal would result for failure to comply with the Court's order.  (Doc. 5, pg. 8).

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B).  Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 22, 2013**                          **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE